# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFIC
2026 MAR 16 AM 9: 53

————————————————————X

RHONDA D. MORRISON,

Plaintiff,

-against-

**26 CV 2150**

MANHATTAN AND BRONX SURFACE TRANSIT

OPERATING AUTHORITY ("MABSTOA"),

and

TRANSPORT WORKERS UNION LOCAL 100,

Defendants.

————————————————————X

# COMPLAINT

Plaintiff Rhonda D. Morrison, proceeding pro se, alleges as follows:

# I. JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District and the events giving rise to these claims occurred within the Southern District of New York.

# II. PARTIES

5. Plaintiff Rhonda D. Morrison resides at 370 East 162nd Street, Apt. 6E, Bronx, New York 10451.

6. Plaintiff was employed by Defendant MABSTOA as a Bus Operator and is currently employed as a Cleaner.

7. Defendant Manhattan and Bronx Surface Transit Operating Authority ("MABSTOA") is a public benefit corporation and subsidiary of the Metropolitan Transportation Authority and is a state actor for purposes of 42 U.S.C. § 1983.

8. Defendant Transport Workers Union Local 100 ("TWU Local 100") is the exclusive collective bargaining representative for Plaintiff's bargaining unit.

# III. FACTUAL ALLEGATIONS

9. At all relevant times, Plaintiff's employment was governed by a Collective Bargaining Agreement ("CBA") between MABSTOA and TWU Local 100.

10. The CBA expressly limits discipline and demotion to instances of just cause and guarantees employees the right to challenge disciplinary charges through mandatory grievance and arbitration procedures before a neutral decision-maker.

11. These just-cause and arbitration protections created a protected property interest in Plaintiff's continued employment as a Bus Operator.

12. In or about February 2025, MABSTOA brought disciplinary charges against Plaintiff.

13. Rather than proceed through the disciplinary and arbitration procedures required by the CBA, Plaintiff was presented with a stipulation agreement.

14. The stipulation resulted in Plaintiff's permanent demotion from Bus Operator to Cleaner.

15. The stipulation was executed without completion of the CBA's mandatory grievance and arbitration procedures.

16. Plaintiff was not afforded a meaningful pre-deprivation hearing before an impartial decision-maker as required when a public employer seeks to impose permanent discipline affecting a protected property interest.

17. Plaintiff was presented with the stipulation under circumstances in which she reasonably believed she had no meaningful alternative, as Defendants did not permit completion of the CBA's formal disciplinary and arbitration procedures prior to requiring execution of the stipulation.

18. Plaintiff did not knowingly or voluntarily waive her contractual and constitutional rights to due process.

19. TWU Local 100 actively participated in negotiating and executing the stipulation agreement with MABSTOA.

20. By jointly effectuating the stipulation-based demotion, TWU Local 100 acted in concert with a state actor in conduct that resulted in the deprivation of Plaintiff's protected property interest.

21. Plaintiff was not afforded the opportunity to fully exhaust the CBA's grievance and arbitration procedures prior to the imposition of the demotion.

22. As a direct result of Defendants' actions, Plaintiff lost her Bus Operator title, higher wage rate, overtime eligibility, differentials, seniority advantages, and associated benefits.

23. Plaintiff continues to suffer ongoing economic and professional harm.

# IV. CLAIMS FOR RELIEF

## COUNT I

**Deprivation of Procedural Due Process**

(42 U.S.C. § 1983 – Against MABSTOA)

24. Plaintiff repeats and realleges paragraphs 1–23.

25. Plaintiff had a protected property interest in her continued employment as a Bus Operator because the CBA limits discipline to just cause and mandates grievance and arbitration protections.

26. MABSTOA, acting under color of state law, deprived Plaintiff of that protected property interest by imposing permanent discipline without providing the pre-deprivation hearing and post-deprivation arbitration procedures required by the Fourteenth Amendment.

27. As a direct and proximate result, Plaintiff suffered financial and professional harm.

# COUNT II

## Joint Participation in Deprivation of Due Process

(42 U.S.C. § 1983 – Against MABSTOA and TWU Local 100)

28. Plaintiff repeats and realleges paragraphs 1–27.

29. TWU Local 100 jointly participated with MABSTOA in negotiating and executing the stipulation that resulted in Plaintiff's demotion.

30. Through their coordinated actions, Defendants deprived Plaintiff of her protected property interest without constitutionally adequate process.

31. Plaintiff suffered damages as a result.

# COUNT III

**Breach of Duty of Fair Representation**

(State Law – Against TWU Local 100)

32. Plaintiff repeats and realleges paragraphs 1–31.

33. TWU Local 100 owed Plaintiff a duty to represent her fairly in disciplinary matters governed by the CBA.

34. TWU Local 100 breached that duty by failing to invoke or enforce the mandatory grievance and arbitration protections provided by the CBA and instead facilitating Plaintiff's permanent demotion without requiring compliance with those protections.

35. The union's conduct was arbitrary and in bad faith.

36. Plaintiff suffered damages as a result.

# V. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare the February 2025 stipulation agreement void and unenforceable;

B. Order reinstatement to the title of Bus Operator;

C. Award back pay from February 2025 to the date of reinstatement;

D. Restore lost seniority and pension credit;

E. Award compensatory damages;

F. Award punitive damages against TWU Local 100;

G. Award costs and such other relief as the Court deems just and proper.

# JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: _____, 2026

Bronx, New York

Rhonda D. Morrison

370 East 162nd Street, Apt. 6E

Bronx, NY 10451

Rhondamorrison4@gmail.com

**Pro Se Plaintiff**